ASHER MAURER, APPELLANT, v. HENRY HAHN AND HER-
MAN POTOKER, RESPONDENTS.

Argued October 19, 1928—Decided March 22, 1929.

For the appellant, *Philip J. Schotland.*

For the respondents, *Kraemer & Siegler.*

Per Curiam.

The facts of this case are fully stated in the opinion of the Supreme Court, and we concur in the view therein expressed that the facts which were before the trial judge, raised a fair jury question as to the circumstances under which the note in controversy was endorsed in blank, and thereafter filled in and delivered, and, therefore, the awarding of a summary judgment in favor of the plaintiff against the defendants, by the trial judge, was erroneous.

But, we do not approve the view of the author of the opinion that a payee cannot be a holder of a note in due course within the meaning of the Negotiable Instruments act, and, that "a note is not negotiated to its payee," citing the case of *Asbury Park Electrical Supply Co.* v. *McGill et al.,* 102 *N. J. L.* 496, in support of that view. In the cited case, the Supreme Court, at page 498, said: "It seems quite clear that the plaintiff is not 'a holder in due course' for by the language defining such holder, 'section 52, *Comp. Stat., p.* 3741,' he is a person to whom the instrument has been 'negotiated' and a bill of exchange cannot be said to be 'negotiated' to a drawer signing it and payee named therein any more than a note or check is 'negotiated' to its payee."

This court has held the contrary view in *Pennbrook Trust Co.* v. *Wiegand & Co.,* 100 *N. J. L.* 353, 359.

The language of section 30 of the Negotiable Instruments act (3 *Comp. Stat., p.* 3738), leaves no room for doubt as to what is meant by an instrument negotiated. It declares, "an instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof; if payable to bearer it is negotiable by delivery; if payable to order it is completed by delivery."

The word "negotiated" in the statute is used in the sense of the word "transferred." Furthermore, section 52 of the Negotiable Instruments act (3 *Comp. Stat., p.* 3741), in defining a holder in due course declares: "A holder in due course is a holder who has taken the instrument under the following conditions: I. That it is complete and regular upon its face;

II. That he became the holder of it before it was overdue and without notice it had been previously dishonored if such was the fact; III. That he took it in good faith and for value; IV. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

Thus, it becomes quite clear that "a holder in due course" may be the payee of the instrument negotiated to him.

This thought is well expressed in *Liberty Trust Co.* v. *Tilton*, 217 *Mass.* 462, by Chief Justice Rugg, who, at page 465, says: "The conclusion follows that the payee named in a promissory note, who purchases it complete in form for value, before maturity, in good faith, and without notice of any infirmity in title or otherwise is a person to whom it has been negotiated as holder in due course." * * *

The judgment of the Supreme Court, reversing the judgment of the Essex County Circuit, is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, KALISCH, BLACK, LLOYD, VAN BUSKIRK, DEAR, JJ. 8.

*For reversal*—KAYS HETFIELD, JJ. 2.